**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
                                (State)

Case number (*If known*): _____   Chapter  7

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | U.S. Nonwovens, Inc. |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 20-8504597 |

4. **Debtor's address**

**Principal place of business**

360 Moreland Road
Number        Street

_____

Commack          NY     11725
City              State    ZIP Code

Suffolk
County

**Mailing address, if different from principal place of business**

_____
Number        Street

_____
P.O. Box

_____
City         State     ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number        Street

_____

_____
City         State     ZIP Code

5. **Debtor's website** (URL) _____

Debtor  U.S. Nonwovens, Inc.
          Name                                                                    Case number (*if known*)_____

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| | | |
|---|---|---|
| 7. | **Describe debtor's business** | A. *Check one:* |
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☒ None of the above |
| | | |
| | | B. *Check all that apply:* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | | |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | | 4 2 4 6 |

| | | |
|---|---|---|
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | | ☒ Chapter 7 |
| | | ☐ Chapter 9 |
| | | ☐ Chapter 11. *Check **all** that apply*: |
| | A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☐ A plan is being filed with this petition. |
| | | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |

Debtor __U.S. Nonwovens, Inc._____  Case number (if known)_____
      Name

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No
☐ Yes.  District _____ When _____ Case number _____
                                    MM / DD / YYYY

If more than 2 cases, attach a separate list.

      District _____ When _____ Case number _____
                                    MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.  Debtor __See Schedule 1_____  Relationship __See Schedule 1__
       District __Delaware_____  When _____
                                     MM / DD / YYYY
       Case number, if known _____

List all cases. If more than 1, attach a separate list.

**11. Why is the case filed in *this district*?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                           Number     Street

    _____
    _____  _____  _____
    City                    State    ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
         Contact name _____
         Phone _____

---

**Statistical and administrative information**

Debtor  U.S. Nonwovens, Inc.  Case number (*if known*) _____
        Name

| 13. | **Debtor's estimation of available funds** | Check one:<br>☐ Funds will be available for distribution to unsecured creditors.<br>☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |
|---|---|---|---|---|
| 14. | **Estimated number of creditors** | ☒ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| 15. | **Estimated assets** | ☒ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| 16. | **Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☒ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/12/2023
             MM / DD / YYYY

✗ */s/ Robert Gorin*                                  Robert Gorin
Signature of authorized representative of debtor       Printed name

Title  Chief Restructuring Officer

Debtor  U.S. Nonwovens, Inc.  
Name

Case number (if known) _____

**18. Signature of attorney**

✘ /s/ Michael J. Merchant  
Signature of attorney for debtor

Date  06/12/2023  
MM / DD / YYYY

Michael J. Merchant  
Printed name

Richards, Layton & Finger, P.A.  
Firm name

920 North King Street  
Number    Street

Wilmington  
City

DE  
State

19801  
ZIP Code

302-651-7700  
Contact phone

merchant@rlf.com  
Email address

3854  
Bar number

DE  
State

# Schedule 1

**SCHEDULE OF DEBTORS**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended.

| | Debtor | Employer Identification Number |
|---|---|---|
| 1. | Old LW, LLC | 11-3187548 |
| 2. | USN Export LLC | N/A |
| 3. | Old LW Shipper, LLC | 46-1181440 |
| 4. | Old LW Chicago, LLC | 27-2352538 |
| 5. | U.S. Nonwovens, Inc. | 20-8504597 |
| 6. | Old LW Intermediate, LLC | 88-3623037 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| U.S. NONWOVENS, INC., | Case No. 23-[_____ (____)] |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

Old LW, LLC owns 100% of the equity in U.S. Nonwovens, Inc.

**UNANIMOUS WRITTEN CONSENT
OF THE
BOARD OF DIRECTRS
OF
U.S. NONWOVENS, INC.**

**APRIL 13, 2023**

The undersigned, being all of the members of the Board of Directors (the "Board") of U.S. Nonwovens, Inc., a Nevada corporation, do hereby consent to the adoption of the following resolutions and the taking of the following actions:

WHEREAS, the Company is managed by the Board; and

WHEREAS, after careful consideration of all facts and circumstances regarding the Company's operational and financial affairs, and after consultation with management and the Company's financial, legal, and other advisors, including numerous discussions regarding the liabilities and liquidity situation of the Company, the short-term and long-term prospects of the Company, the restructuring and strategic alternatives available to the Company, and the effect of the foregoing on the Company's business and operations, the Board has determined that it is desirable and in the best interests of the Company that the Company file a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, in the United States Bankruptcy Court for the District of Delaware (the "Petition").

NOW, THEREFORE, BE IT RESOLVED, that the form, terms and provisions of the Petition, be, and are hereby, approved; and be it further

RESOLVED, that the Company is hereby authorized to execute, deliver, perform and file the Petition; and be it further

RESOLVED, that each of the directors and officers of the Company (individually, each an "Authorized Signatory" and collectively, the "Authorized Signatories"), acting singly, be, and is hereby, under the title of officer, authorized person, authorized signatory, authorized representative or any other title or no title at all, authorized and directed to (i) execute, deliver, perform and file on behalf of the Company, the Petition and all petitions, schedules, lists and other motions, declarations, papers or documents in connection therewith or related thereto (together, each a "Petition Document" and collectively, the "Petition Documents"), with such changes to each Petition Document as such Authorized Signatory shall determine to be necessary or appropriate, such determination to be conclusively evidenced by the execution thereof by such Authorized Signatory, (ii) take any and all other actions that such Authorized Signatory may deem necessary or proper to obtain and maintain the relief contemplated by the Petition Documents, and (iii) take or cause to be taken any and all such further actions on behalf of the Company as may be related or incidental to the Petition or the Petition Documents, including, without limitation, executing and delivering any and all agreements, certificates, instruments and other documents and paying all expenses and fees, including filing fees, in each case as in such Authorized Signatory's or Authorized Signatories' judgment shall be necessary or desirable to

fully carry out the intent and accomplish the foregoing resolutions, such necessity or desirability to be evidenced conclusively by such actions; and be it further

RESOLVED, that any and all actions heretofore taken by any Authorized Signatory on behalf of the Company, with respect to the matters described in these resolutions be, and are hereby, authorized, approved, ratified and confirmed in all respects; and be it further

RESOLVED, that this Unanimous Written Consent may be executed by electronic signature and electronic transmission, including via DocuSign or other similar method.

[*Signature page follows*]

IN WITNESS WHEREOF, the undersigned have executed this Unanimous Written Consent as of the date first written above.

_____
Alexander D. Greene
Director


_____
Ernesto Levy
Director

[*Signature Page to Unanimous Written Consent of the Board of Directors of U.S. Nonwovens Inc. (Bankruptcy Filing)*]

RLF1 28474400v.1

IN WITNESS WHEREOF, the undersigned have executed this Unanimous Written Consent as of the date first written above.

                                                                          _____
Alexander D. Greene
Director

                                                                          */s/ Ernesto Levy*
Ernesto Levy
Director

[*Signature Page to Unanimous Written Consent of the Board of Directors of U.S. Nonwovens Inc. (Bankruptcy Filing)*]

**Fill in this information to identify the case and this filing:**

Debtor Name __U.S. Nonwovens, Inc._____

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                    (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❏ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❏ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❏ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❏ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❏ *Schedule H: Codebtors* (Official Form 206H)
- ❏ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❏ Amended *Schedule* ____
- ❏ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration__Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/12/2023__          ✘ _/s/ Robert Gorin_____
             MM / DD / YYYY            Signature of individual signing on behalf of debtor

                                        Robert Gorin_____
                                        Printed name

                                        Chief Restructuring Officer_____
                                        Position or relationship to debtor

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

_____ District Of __Delaware_____

**In re**

        U.S. Nonwovens, Inc.              Case No. _____

**Debtor**                                                                 Chapter __7_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 252,678.00

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . $ 252,678.00

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

2. The source of the compensation paid to me was:

   ☐ Debtor        ☒ Other (specify)     *See Global Notes to Schedules and Statement

3. The source of compensation to be paid to me is:

   ☐ Debtor        ☒ Other (specify)     *See Global Notes to Schedules and Statement

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

B2030 (Form 2030) (12/15)

    d.   Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e.   [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

06/12/2023               /s/ Michael J. Merchant
*Date*                            *Signature of Attorney*

                            Richards, Layton & Finger, P.A.
                              *Name of law firm*